IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KORBI IRENE C., ) | |
| ) | No. 23 C 215 |
| Plaintiff, ) | |
| ) | Magistrate Judge M. David Weisman |
| v. ) | |
| ) | |
| KILOLO KIJAKAZI, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Korbi Irene C. appeals the Acting Commissioner's decision denying her application for Social Security benefits. For the reasons set forth below, the Court affirms the Acting Commissioner's decision.

### Background

On May 18, 2022, following an Appeals Council remand, the ALJ denied plaintiff's application for benefits. (R. 15-28.) The Appeals Council declined review (R. 2-5), leaving the ALJ's decision as the final decision of the Acting Commissioner reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

### Discussion

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "[s]ubstantial evidence," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "[W]hatever the meaning of 'substantial' in

other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part, sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a), 416.920. The Acting Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity ("RFC") to perform her past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *see Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001).

At step one, the ALJ found that plaintiff has not engaged in substantial gainful activity since July 1, 2018, the alleged onset date. (R. 18.) At step two, the ALJ found that plaintiff has the severe impairments of depression, bipolar disorder, anxiety, posttraumatic stress disorder, and alcoholism. (*Id.*) At step three, the ALJ found that plaintiff does not have an impairment or combination of impairments that meets or medically equals a listed impairment. (R. 19.) At step four, the ALJ found that plaintiff is unable to perform any past relevant work but has the RFC to perform medium work with certain non-exertional limitations. (R. 21, 26.) At step five, the ALJ found that jobs exist in significant numbers in the national economy that plaintiff can perform, and thus she is not disabled. (R. 27-28.)

Plaintiff says the RFC limitation to "simple routine tasks, with occasional changes in a routine work setting" does not account for her moderate limitations in concentration, persistence or pace ("CPP"). (R. 21.) But the Seventh Circuit has said that "a 'moderate' limitation in performing at a consistent pace [is] consistent with the ability to perform simple, repetitive tasks at a consistent pace." *Pavlicek v. Saul*, 994 F.3d 777, 783 (7th Cir. 2021). The ALJ's use of language nearly identical to that endorsed in *Pavlicek* adequately accounts for plaintiff's CPP limitations.

Alternatively, plaintiff contends that the RFC is not supported by the record because the ALJ cherry-picked findings from the opinions of Drs. Langgut and Bridges, the opinion evidence he credited. With respect to Dr. Langgut's opinion, the ALJ said:

> Although he failed to include a detailed mental residual functional assessment, Dr. Langgut noted the claimant displaying cooperation, appropriate appearance, normal behavior and thought content, and good effort. The claimant exhibited intact immediate recall, short-term, and long-term memory; coherence, consciousness, and orientation (29F/3, 4). As such, Dr. Langgut noted the claimant capable of managing her funds, with adequate judgment, and ability to understand.

(R. 24.) But, plaintiff says, the ALJ failed to mention that Dr. Langgut also said plaintiff "easily becomes mildly to moderately angered," has "poor coping skills," "mildly obsessive ideas," and "a mild degree of ruminative ideation." (R. 1380-81.) Assuming arguendo that the ALJ should have acknowledged these findings, plaintiff does not explain what additional RFC limitations were required to address them. Her failure to do so renders harmless any error the ALJ may have made. *Jozefyk v. Berryhill*, 923 F.3d 492, 498 (7th Cir. 2019) (stating that plaintiff's failure to hypothesize work restrictions necessary to address his alleged CPP limitations rendered harmless any error the ALJ may have made in the RFC).

With respect to Dr. Bridges' opinion, the ALJ said:

3

> Dr. Mary Bridges opined that the claimant has no difficulties maintaining social functioning, mild difficulties focusing and maintaining attention, concentrating, and maintaining persistence and pace. Dr. Bridges added that the claimant exhibited adequate level of independence and was intellectually and psychologically capable of doing daily activities. She has no problems to perform simple and repetitive tasks; mild limitations performing detailed and complex tasks; no difficulties to perform work activities on a consistent basis without special or additional supervision; and would have mild limitations completing a normal workday or workweek due to her mental condition. She displays no difficulties to accept instructions from supervisor and interacting with coworkers and with the public. Although she would have mild difficulties to handle the usual stresses, changes and demands of gainful employment (1F/6). Dr. Bridges noted that the claimant's prognosis was good, and that she would improve with active psychiatric treatment (1F/7).

(R. 24.) What the ALJ failed to mention, plaintiff says, is that Dr. Bridges also said plaintiff sometimes appeared dysphoric or tense, was occasionally tearful, had obsessive thinking about situations that upset her and obsessive-compulsive ideation and behavior related to alcohol, and had mild difficulty with immediate recall (R. 479-80), issues that she contends are not addressed by the RFC limitation to simple, routine work. Once again, however, plaintiff has not identified additional RFC limitations that would address these issues, rendering harmless any error the ALJ may have made. *Jozefyk*, 923 F.3d at 498.

## Conclusion

For the reasons set forth above, the Court affirms the Acting Commissioner's decision, grants the Acting Commissioner's motion for summary judgment [16], and terminates this case.

**SO ORDERED.**                  **ENTERED:  August 15, 2023**

**M. David Weisman**
**United States Magistrate Judge**

4